United States District Court
For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS FOR BETTER FORESTRY, et al., | No. C 05-1144 PJH |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND/OR JUDGMENT ON THE PLEADINGS** |
| v. | |
| U.S. DEPT. OF AGRICULTURE, et al., | |
| Defendants, | |
| and | |
| AMERICAN FOREST & PAPER ASS'N and AMERICAN FOREST RESOURCE COUNCIL, | |
| Defendants-Intervenors. | |

This is an environmental case in which plaintiffs challenge the National Forest System planning regulations issued on January 5, 2005 ("2005 Regulations"). Defendants move for summary judgment and/or judgment on the pleadings as to several of the plaintiffs' claims. Having read the parties' papers and carefully considered their arguments and the relevant legal authorities, the court hereby GRANTS the motion.

**INTRODUCTION**

Plaintiffs are various non-profit environmental and conservation organizations. Plaintiffs assert ten claims for relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 553, the National Forest Management Act ("NFMA"), 16 U.S.C. § 1600 *et seq*., and the National

Environmental Policy Act ("NEPA"), 42 U.S.C. § 4231 *et seq*. Defendants have moved for dismissal of six of plaintiffs' claims, contending that these claims are not ripe and that plaintiffs do not have standing to bring these claims. The claims at issue in this motion are plaintiffs' fourth through ninth claims, which are as follows:

(1) Claim Four: Defendants' 2005 Final Rule Violates NFMA by Relying on Internal Forest Service Directives Instead of Published Regulations to Meet the Requirements of Section 1604(g);

(2) Claim Five: Defendants' 2005 Final Rule Violates NFMA Because the Regulations Fail to Provide for the Diversity of Plant and Animal Communities;

(3) Claim Six: Defendants' 2005 Final Rule Violates NFMA Because the Regulations Fail to Specify Standards and Guidelines Which Insure the Timber Will be Harvested Only Where Soil, Slope, and Other Watershed Conditions Will Not be Irreversibly Damaged;

(4) Claim Seven: Defendants' 2005 Final Rule Violates NFMA Because the Regulations Fail to Specify Standards and Guidelines Which Insure that Timber Will be Harvested Only Where There is Assurance that Such Lands Can Be Adequately Restocked Within Five Years After Harvest;

(5) Claim Eight: Defendants' 2005 Final Rule Violates NFMA Because the Regulations Fail to Specify Standards and Guidelines Which Insure that Timber Will be Harvested Only Where Protection is Provided for Streams, Lakes, and Other Waterbodies From Detrimental Changes in Water Temperature, Blockages of Water Courses, and Deposits of Sediment;

(6) Claim Nine: Defendants' 2005 Final Rule Violate [sic] NFMA Because the Regulations Fail to Specify Guidelines Which Insure that Clearcutting Will be Used Only Where There Are Established Maximum Size Limits for Areas to be Cut.

## BACKGROUND

**A.   The National Forest System and the NFMA**

The National Forest System, which at 192 million acres comprises approximately eight percent of the United States landscape, includes 155 national forests and 22 national grasslands. *See Ohio Forestry Assoc., Inc. v. Sierra Club*, 523 U.S. 726, 729 (1998). The National Forest System is administered by the Forest Service, an agency of the U.S. Department of Agriculture ("USDA").

In 1976, Congress enacted the National Forest Management Act of 1976 ("NFMA") to reform Forest Service management of the National Forest System. 16 U.S.C. § 1600 *et seq*. The NFMA envisions a two-stage approach to forest planning. *Inland Empire Public Lands Council v. United States Forest Service*, 88 F.3d 754, 757 (9th Cir. 1996) (citing *Idaho Conservation League v.*

2

*Mumma*, 956 F.2d 1508 1511 (9th Cir. 1992)); *Neighbors of Cuddy Mountain v. United States Forest Service*, 137 F.3d 1372, 1376 (9th Cir. 1998). First, the NFMA requires the Forest Service to develop a comprehensive forest plan ("forest plan"), which may also be referred to as a Land Resource Management Plan ("LRMP"), and an Environmental Impact Statement ("EIS") for the entire forest. *Id;* 36 C.F.R. § 219(a),(b). The forest plan establishes basic guidelines and sets forth the planning elements that will be employed by the Forest Service in future actions in that forest. *See Sierra Club v. Robertson*, 28 F.3d 753, 755 (8th Cir. 1994). "Once the [Forest Plan] is approved, direct implementation of the LRMP occurs at a second stage, when individual site-specific projects are proposed and assessed." *Inland Empire*, 88 F.3d at 757. A site-specific project or decision "must be consistent with the LRMP for the larger area." *Neighbors of Cuddy Mountain*, 137 F.3d at 1376-77.

**B.     NFMA Regulations**

The NFMA requires the Secretary of Agriculture to promulgate regulations regarding the "process for the development and revision of land management plans." § 1604(g). The NFMA specifies that the regulations shall include certain guidelines, including providing for the diversity of plant and animal communities, § 1604(g)(3)(B), preventing irreversible damage to soil, slope, or other watershed conditions, § 1064(g)(3)(E)(i), and providing protection for streams and other bodies of water, § 1604(g)(3)(E)(iii).

On January 5, 2005, the USDA promulgated the final planning regulations that are at issue in this case. These regulations were designed to be "more strategic and less prescriptive" than the prior regulations.[1] 70 Fed. Reg. 1023, 1024 (Jan. 5, 2005). As part of this redesign, "procedural and technical details [were] moved to the Forest Service Directive System," rather than within the regulations themselves. 70 Fed. Reg. 1023, 1027.

Plaintiffs contend that the 2005 Regulations do not meet the requirements imposed by

---

[1] As the parties' briefs explain, the USDA implemented a series of revisions to the regulations prior to the 2005 Regulations. These prior revisions, including the 2000 Planning Regulations, 2002 Proposed Regulations, and 2004 Interpretative Rule do not appear to be at issue in this case, but are being challenged in a related case also before this court. *See Defenders of Wildlife v. Johanns*, No. C-04-4512-PJH.

§ 1604(g). Specifically, plaintiffs' fourth claim contends that the USDA violated the NFMA by relying on the internal Forest Service Directive System to meet the requirements of § 1604(g). Plaintiffs' fifth through ninth claims contend that the 2005 Regulations do not meet the requirements of the NFMA because they fail to include the specific guidelines required by § 1604(g).

## DISCUSSION

**A.   Legal Standards**

### 1.   Motions for Summary Judgment

Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or that is "not significantly probative." *Id.* at 249-50. The court may not weigh the evidence, and is required to view the evidence in the light most favorable to the nonmoving party. *Id.* at 248.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. *Id.* If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. *Anderson*, 477 U.S. at 250.

### 2.   Motions for Judgment on the Pleadings

The standard applied on a Rule 12(c) motion for judgment on the pleadings is the same as that applied to Rule 12(b)(6) motions: judgment on the pleadings is appropriate when, even if all

4

material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *See Hal Roach Studios, Inc. v. Richard Feiner & Co*, 896 F.2d 1542, 155 (9th Cir. 1989). As with motions to dismiss under Rule 12(b), a motion for judgment on the pleadings ordinarily may not be based on matters outside the pleadings. However, if extrinsic evidence is presented and the court is willing to consider it, then the motion is "converted" to one for summary judgment. *See id.* at 1550.

**B.      Ripeness Analysis**

In *Ohio Forestry Assoc. v. Sierra Club*, 523 U.S. 726 (1998), the Supreme Court addressed the justiciability of claims brought under the NFMA. There, the Sierra Club challenged a forest plan prepared by the Forest Service for the Wayne National Forest, and one of the claims brought was that the regulations followed by the Forest Service failed to meet the requirements of the NFMA. *Id.* at 729, 731. The plaintiffs challenge was to the forest plan as a whole, and not to any site-specific action. In evaluating whether the claims were ripe for review, the Court considered "(1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented." *Id.* at 733. First, the Court found that there would not be any significant hardship to the plaintiffs, because the forest plan itself did not authorize any action in the National Forests or create any legal rights or obligations. *Id.* Second, the Court noted that judicial review of the forest plan would hinder the agency's efforts to refine its policies, effectively denying the agency the opportunity to correct any mistakes in the forest plan prior to the implementation of any site-specific project. *Id.* at 735. And lastly, the Court found that additional factual development was needed in order to determine what the actual effect of the forest plan would be on the Wayne National Forest. *Id.* at 736. The Court also noted that Congress has not provided for pre-enforcement review in the NFMA, unlike other statutes that specifically allowed for pre-enforcement judicial review, and that this was not a case where the plaintiffs alleged a procedural injury. *Id.* at 737. Therefore, the Court concluded, the action was not ripe for judicial review. *Id.* at 739.

Since *Ohio Forestry,* the Ninth Circuit has interpreted the ripeness standards set forth by that

case differently depending on whether plaintiffs present procedural or substantive claims. See *Citizens for Better Forestry v. USDA*, 341 F.3d 961, 977 (9th Cir. 2003); *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1090 (9th Cir. 2003) (citing *Kern v. BLM*, 284 F.3d 1062, 1070-71 (9th Cir. 2002)). The Ninth Circuit "ha[s] recognized the distinction between substantive challenges which are not ripe until site-specific plans are formulated, and procedural challenges which are ripe for review" at the time of violation. *Laub*, 342 F.3d at 1090; *Kern*, 284 F.3d at 1070.

Defendants have moved for judgment on the pleadings, or in the alternative, summary judgment of the plaintiffs' fourth through ninth claims on the basis that these claims raise substantive challenges, and are therefore not ripe because they are not brought in response to a site-specific project. Plaintiffs do not dispute that these claims raise substantive challenges, but instead argue that these claims are ripe under the three part test discussed by the Supreme Court in *Ohio Forestry*.

First, regarding any hardship if review is delayed, plaintiffs contend that they are already being harmed by the implementation of the 2005 Regulations. Plaintiffs have brought cases in other courts challenging site-specific actions as being in violation of the 1982 Regulations. These regulations were displaced by the 2005 Regulations, and the Forest Service has successfully defended those other cases on the basis that the 1982 Regulations are no longer in place. Plaintiffs further contend that the Forest Service is already using the 2005 Regulations to amend forest plans for various forests. Second, plaintiffs argue that judicial review here would not interfere with further administrative action because the 2005 Regulations cannot be as easily amended as the forest plan at issue in *Ohio Forestry*. And third, plaintiffs argue that the issues here are purely legal, and no further factual development is necessary.

Plaintiffs arguments do not show that these claims are ripe for judicial review. The Forest Service's use of the 2005 Regulations in other cases, and in revising forest plans, does not cause the type of hardship that is relevant to a ripeness analysis. The use of the 2005 Regulations "does not give anyone a legal right to cut trees, nor does it abolish anyone's legal authority to object to trees being cut." *Ohio Forestry*, 523 U.S. at 733. Plaintiffs do not explain why they could not bring a substantive challenge to the 2005 Regulations in these other, site-specific cases. The *Ohio Forestry*

6

Court specifically rejected the hardship of multiple litigation, noting that while it would "be easier, and certainly cheaper, to mount one legal challenge against the Plan" rather than challenge individual site-specific actions, "the Court has not considered this kind of litigation cost saving sufficient by itself to justify review in a case that would otherwise be unripe." *Ohio Forestry*, 523 U.S. at 734-35.

The 2005 Regulations may be more difficult to amend than the forest plan at issue in *Ohio Forestry*, but the regulations can be amended or refined prior to any site-specific action. The fact that these are regulations rather than a forest plan does not matter. The Supreme Court has noted that waiting until a site-specific challenge "may ultimately have the effect of requiring a regulation, a series of regulations, or even a whole 'program' to be revised." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 894 (1990). Because the 2005 Regulations can be amended prior to any site-specific action, judicial review at this time would interfere with any further agency action. And lastly, while these claims do appear to raise purely legal issues that do not require additional factual development, that does not appear to be sufficient to overcome the other two prongs of the analysis.

Having found that these claims are not ripe, the court need not address defendants' alternate argument that plaintiffs lack standing to bring these claims.

## CONCLUSION

For the foregoing reasons, and in accordance with this court's decision in *Defenders of Wildlife v. Johanns*, No. C-04-4512-PJH (Oct. 14, 2005), Docket No. 54 (dismissing second claim for relief as unripe because it was a substantive challenge to the 2005 Regulations), defendants' motion for summary judgment and/or judgment on the pleadings is GRANTED as to plaintiffs fourth through ninth claims.

////

////

////

////

This order fully adjudicates the matters listed at nos. 40 & 41 of the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: April 21, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge